

**HON. SYLVIA O. HINDS-RADIX**
*Corporation Counsel*

THE CITY OF NEW YORK
LAW DEPARTMENT
100 CHURCH STREET
NEW YORK, NY 10007

**NICOLETTE PELLEGRINO**
*Assistant Corporation Counsel*
Phone: (212) 356-2338
Fax: (212) 356-3509
Email: npellegr@law.nyc.gov

January 8, 2024

**VIA E.C.F.**
Honorable Jennifer L. Rochon
United States District Judge
United States District Court
Southern District of New York
500 Pearl Street
New York, New York 10007

   Re:  Urena v. the City of New York, et al.,
       23 Civ. 06967 (JLR) (JLC)

Your Honor:

  I am an Assistant Corporation Counsel in the Special Federal Litigation Division in the Office of the Honorable Sylvia O. Hinds-Radix, Corporation Counsel of the City of New York, and the attorney representing defendant the City of New York ("the City") in the above referenced matter.[1] The City writes to respectfully request that the Court order Plaintiff to provide an executed New York Criminal Procedure Law Sections 160.50 and 160.55 Release ("Section 160.50 Release") to the Office by January 17, 2024, for the reasons detailed below.

  By way of relevant background, Plaintiff initiated this action *pro se* on August 7, 2023, by filing the Complaint alleging various constitutional violations against the City and four NYPD defendants. (See Dkt. No. 1.)

  On October 18, 2023, the City was served, and on October 20, 2023, counsel appeared on behalf of the City. (See Dkt. Nos. 7 and 12.)

  On October 31, 2023, the Office sent Plaintiff its first request for an executed Section 160.50 Release.

---

[1] This case has been assigned to Assistant Corporation Counsel Zoe Reszytniak, who is not yet admitted to the New York State Bar. Ms. Reszytniak is handling this matter under my supervision and may be reached at (212) 356-2547 or zreszytn@law.nyc.gov.

On November 22, 2023, the Office sent its second request to Plaintiff, again asking him to provide it with an executed Section 160.50 Release.

On December 11, 2023, the Office was informed that Plaintiff had updated his address. (See Dkt. No. 15.)

On December 12, 2023, the Office sent its second request for an executed Section 160.50 Release to Plaintiff at his updated address.

On December 14, 2023, the City requested an extension of time to respond to the Complaint and a *sua sponte* extension of time for the NYPD defendants to respond to the Complaint, so that all defendants have a corresponding response deadline. (See Dkt. No. 16.) This request was made in part because the Office had yet to receive an executed Section 160.50 Release from Plaintiff. (See id.) As detailed in the City's application, the Section 160.50 Release is required because, upon information and belief, certain documents related to this incident may be sealed. Therefore, the City and its counsel cannot properly investigate this case and comply with its Rule 11 obligations until it receives an executed release to access the relevant documents. (See id.)

On December 15, 2023, the Court granted the Office's request. (See Dkt. No. 17.) Thus, the deadline for all Defendants to respond to the Complaint is February 1, 2024. (See id.) However, the Court also noted that Defendants should not expect to receive any additional extensions to respond to the Complaint absent a showing of good cause. (See id.)

To date, the Office has yet to hear from Plaintiff or receive an executed Section 160.50 Release from him.

Upon information and belief,[2] Plaintiff was arrested on December 12, 2023, and has remained in the New York City Department of Correction's custody since, though it appears that Plaintiff has been relocated more than one time throughout different facilities. Thus, on January 3, 2024, the City sent Plaintiff another Section 160.50 Release for his execution. However, as of the filing of this letter, the City has still not received an executed Section 160.50 Release from Plaintiff.

Nevertheless, due to the Court's recent Order noting that another extension of time is unlikely and the upcoming February 1, 2024 deadline, the City requires receipt of an executed Section 160.50 Release form Plaintiff as soon as possible. Accordingly, the City respectfully requests that the Court order Plaintiff to execute and return an executed Section 160.50 Release to the City[3] no later than January 17, 2024, so the City may comply with its Rule 11 obligations, properly investigate this matter, and timely comply with the deadlines established by this Court.

---

[2] The Office became aware of Plaintiff's arrest via the New York City Department of Correction's public inmate look up database, available at https://a073-ils-web.nyc.gov/inmatelookup/pages/home/home.jsf.

[3] The executed Section 160.50 Release can be mailed to: The Office of the Corporation Counsel, ATTN: Assistant Corporation Counsel Zoe Reszytniak, 100 Church Street, New York, New York 10007.

For the reasons detailed above, the City respectfully requests that the Court order Plaintiff to provide the City with an executed Section 160.50 Release by January 17, 2024.

The City thanks the Court for its consideration.

Sincerely,

/s/ *Nicolette Pellegrino*
Nicolette Pellegrino
*Assistant Corporation Counsel*
Special Federal Litigation Division

CC: **VIA FIRST-CLASS MAIL**[4]
Amaury Urena
604 St. Nicholas Avenue
Apartment 3B
New York, New York 10030
*Plaintiff Pro Se*

Amaury Urena
B&C No. 2412302807
Otis Bantum Correctional Center (OBCC)
16-00 Hazen Street
East Elmhurst, New York 11370
*Plaintiff Pro Se*

The request is **GRANTED**. Plaintiff is hereby ORDERED to provide the City of New York with an executed Section 160.50 Release by **January 17, 2024**. If Plaintiff fails to do so, Defendants may move for a further extension of their time to respond to the Complaint. The Court cautions Plaintiff that he must participate in this litigation or the case may be dismissed for failure to prosecute.

The Clerk of Court is respectfully directed to mail a copy of this order to Plaintiff at his address of record. The City of New York shall also serve a copy of this order on Plaintiff's current address and file proof of such service on ECF by January 12, 2024.

Dated: January 8, 2024
      New York, New York

SO ORDERED.

*Jennifer Rochon*
**JENNIFER L. ROCHON**
**United States District Judge**

---

[4] Though Plaintiff has not updated his address in accordance with his obligations, as a one-time courtesy, the City will also mail a copy of this letter application to, upon information and belief, Plaintiff's current address.

3