

**HON. SYLVIA O. HINDS-RADIX**
*Corporation Counsel*

**THE CITY OF NEW YORK**
**LAW DEPARTMENT**
100 CHURCH STREET
NEW YORK, NY 10007

**NICOLETTE PELLEGRINO**
*Assistant Corporation Counsel*
Phone: (212) 356-2338
Fax: (212) 356-3509
Email: npellegr@law.nyc.gov

January 19, 2024

**VIA E.C.F.**
Honorable Jennifer L. Rochon
United States District Judge
United States District Court
Southern District of New York
500 Pearl Street
New York, New York 10007

      Re:    <u>Urena v. the City of New York, et al.,</u>
               23 Civ. 06967 (JLR) (JLC)

Your Honor:

      I am an Assistant Corporation Counsel in the Special Federal Litigation Division in the Office of the Honorable Sylvia O. Hinds-Radix, Corporation Counsel of the City of New York, and the attorney representing defendant the City of New York ("City") in the above referenced matter.[1] The City writes to respectfully request that the Court: (a) grant a thirty-two[2] day extension of time for defendant City to respond to the Complaint from February 1, 2024, to March 4, 2024; (b) *sua sponte*[3] afford defendants New York City Police Department ("NYPD") Officer Will Rodriguez, Officer Lauren Moriarty, Officer Imran Alli, and Sergeant Juan Candelario a corresponding extension of time, until March 4, 2024, to respond to the Complaint; and (c) order Plaintiff – for a second time – to provide the City with an executed Designation of Agent for Access to Sealed Records Pursuant to NYCPL §§ 160.50 and 160.55 Release (hereinafter, "Section 160.50 Release") by February 2, 2024.

---

[1] This case has been assigned to Assistant Corporation Counsel Zoe Reszytniak, who is not yet admitted to the New York State Bar. Ms. Reszytniak is handling this matter under my supervision and may be reached at (212) 356-2547 or zreszytn@law.nyc.gov.

[2] A thirty-two day extension of time is being requested in lieu of a thirty-day extension of time because thirty-days from February 1, 2024, falls on Saturday, March 2, 2024.

[3] The Office of the Corporation Counsel does not presently represent any of the individual NYPD defendants.

      This is the City's third request for an extension and second request for an order to compel Plaintiff to provide an executed Section 160.50 Release. The City was unable to obtain Plaintiff's position on this request due to the reasons elaborated upon in this letter.

      By way of relevant background, Plaintiff initiated this action *pro se* on August 7, 2023, by filing the Complaint alleging various constitutional violations against the City and four NYPD defendants. (See Dkt. No. 1.)

      On October 18, 2023, the City was served, and on October 20, 2023, counsel appeared on behalf of the City. (See Dkt. Nos. 7 and 12.)

      On October 31, 2023, the Office sent Plaintiff its first request for an executed Section 160.50 Release.

      On November 22, 2023, the Office sent its second request to Plaintiff, again asking him to provide it with an executed Section 160.50 Release.

      On December 11, 2023, the Office was informed that Plaintiff had updated his address. (See Dkt. No. 15.)

      Therefore, on December 12, 2023, the Office sent its second request for an executed Section 160.50 Release to Plaintiff at his updated address.

      On December 14, 2023, the City requested an extension of time to respond to the Complaint and a *sua sponte* extension of time for the NYPD defendants to respond to the Complaint, so that all defendants have a corresponding response deadline. (See Dkt. No. 16.) This request was made in part because the Office had yet to receive an executed Section 160.50 Release from Plaintiff. (See id.) As detailed in the City's application, the Section 160.50 Release is required because, upon information and belief, certain documents related to this incident are sealed. Therefore, the City and its counsel cannot properly investigate this case and comply with its Rule 11 obligations until it receives an executed release to access the relevant documents. (See id.)

      On December 15, 2023, the Court granted the Office's request. (See Dkt. No. 17.) Thus, the deadline for all Defendants to respond to the Complaint is February 1, 2024. (See id.) However, the Court also noted that Defendants should not expect to receive any additional extensions to respond to the Complaint absent a showing of good cause. (See id.)

      On January 8, 2024, the City requested that the Court order Plaintiff to provide the City with an executed Section 160.50 Release by January 17, 2024, so the City would be able to comply with its Rule 11 obligations, properly investigate this matter, and timely comply with the deadlines established by this Court. (See Dkt. No. 18.) As detailed in the City's letter, upon information and belief, Plaintiff was arrested on December 12, 2023, and has remained in the New York City Department of Correction's custody since, though it appears that Plaintiff has been relocated more than one time throughout different facilities. (See id.) Thus, the letter also noted that on January 3, 2024, the City sent Plaintiff another Section 160.50 Release for his execution.

On January 8, 2024, the Court granted the City's request, and ordered Plaintiff "to provide the City of New York with an executed Section 160.50 Release by January 17, 2024." (See Dkt. No. 19.) The Court also noted that if Plaintiff failed to provide the City with an executed Section 160.50 Release by January 17, 2024, "Defendants may move for a further extension of their time to respond to the Complaint." (See id.)

On January 9, 2024, the City mailed a copy of the Court's January 8, 2024 Order to, upon information and belief, Plaintiff's address. (See Dkt. No. 20.)

After not receiving the executed Section 160.50 Release from Plaintiff, on January 18, 2024, the City contacted individuals at DOC in an attempt to get in contact with Plaintiff.

To date, however, the City has been unable to contact Plaintiff and still has not received an executed Section 160.50 Release from him, despite the Court ordering Plaintiff to provide the release by January 17, 2024.

As detailed above, on three separate occasions, the City has sent Plaintiff a Section 160.50 Release for his execution and return. Defense counsel has sent these releases to Plaintiff at multiple different addresses, routinely checked on Plaintiff's whereabouts despite his failure to update his address with the Court in accordance with Local Rule 1.3(d) for over a month, and made extensive efforts to contact him via email, phone, and even reaching out to DOC. Nevertheless, the City has still not received an executed Section 160.50 Release from Plaintiff. Therefore, as detailed in previous extension requests, an extension of time is necessary because the City requires an executed Section 160.50 Release to fully investigate this matter, comply with its Rule 11 Obligations, and appropriately respond to the Complaint. (See Dkt. Nos. 13, 16, 18.)

Accordingly, for the reasons detailed above, the City respectfully requests: (a) a thirty-two day extension of time to respond to the Complaint, from February 1, 2024, to March, 4, 2024; (b) a *sua sponte* corresponding thirty-two day extension of time for defendants Moriarty, Rodriguez, Alli, and Candelario to respond to the Complaint, from February 1, 2024, to March 4, 2024; and (c) that the Court order Plaintiff to provide the City with a Section 160.50 Release by February 2, 2024.

The City thanks the Court for its consideration.

Sincerely,

/s/ *Nicolette Pellegrino*
Nicolette Pellegrino
*Assistant Corporation Counsel*
Special Federal Litigation Division

CC: **VIA FIRST-CLASS MAIL**[4]

---

[4] Despite Plaintiff's failure to update his address, upon information and belief and according to the New York City Department of Correction's public inmate look up database, Plaintiff is currently located at the Rose M. Singer Enhanced Supervised Housing Unit.

Amaury Urena
B&C No. 2412302807
Rose M. Singer Enhanced Supervised Housing (RESH)
16-00 Hazen Street
East Elmhurst, New York 11370
*Plaintiff Pro Se*

Amaury Urena
604 St. Nicholas
Apartment 3B
Bronx, New York 10030
*Plaintiff Pro Se*

The request is **GRANTED**. Plaintiff is hereby ORDERED to provide the City of New York with an executed Section 160.50 Release by **February 2, 2024**. The Court again cautions Plaintiff that he must participate in the litigation, or the case may be dismissed for failure to prosecute without further notice from the Court. *See* ECF No. 19 at 3 (cautioning Plaintiff that "he must participate in this litigation or the case may be dismissed for failure to prosecute").

The time for all Defendants to respond to the Complaint is extended to **March 4, 2024**.

The Clerk of Court is respectfully directed to mail this Order to Plaintiff at both his address of record and to the Rose M. Singer Enhanced Supervised Housing address provided by the City of New York above.

Dated: January 22, 2024
       New York, New York

**SO ORDERED.**

*Jennifer Rochon*
**JENNIFER L. ROCHON**
**United States District Judge**