

**HON. SYLVIA O. HINDS-RADIX**
*Corporation Counsel*

**THE CITY OF NEW YORK
LAW DEPARTMENT**
100 CHURCH STREET
NEW YORK, NY 10007

**NICOLETTE PELLEGRINO**
*Senior Counsel*
Phone: (212) 356-2338
Fax: (212) 356-3509
Email: npellegr@law.nyc.gov

February 16, 2024

**VIA E.C.F.**
Honorable Jennifer L. Rochon
United States District Judge
United States District Court
Southern District of New York
500 Pearl Street
New York, New York 10007

      Re:    Urena v. the City of New York, et al.,
                   23 Civ. 06967 (JLR) (JLC)

Your Honor:

      I am Senior Counsel in the Special Federal Litigation Division in the Office of the Honorable Sylvia O. Hinds-Radix, Corporation Counsel of the City of New York ("Office"), and the attorney representing defendants the City of New York ("City"), New York City Police Department ("NYPD") Officer Will Rodriguez, and NYPD Detective[1] Juan Candelario in the above referenced matter.[2] The City and defendants Rodriguez and Candelario write to respectfully request: (a) that the Court order Plaintiff to provide the City with an executed Designation of Agent for Access to Sealed Records Pursuant to NYCPL §§ 160.50 and 160.55 Release (hereinafter, "Section 160.50 Release") by a date certain on pain of dismissal; (b) that the Court grant a thirty day extension of time for the City, Officer Rodriguez, and Detective Candelario to respond to the Complaint from March 4, 2024, to April 3, 2024; and (c) that the Court *sua sponte*[3] afford defendants NYPD Officers Lauren Moriarty and Imran Alli a corresponding extension of time, until April 3, 2024, to respond to the Complaint.

---

[1] Upon information and belief, Defendant Juan Candelario's correct title is Detective, and not Sergeant as it is listed in the Complaint.

[2] This case has been assigned to Assistant Corporation Counsel Zoe Reszytniak, who is not yet admitted to the New York State Bar. Ms. Reszytniak is handling this matter under my supervision and may be reached at (212) 356-2547 or zreszytn@law.nyc.gov.

[3] The Office of the Corporation Counsel does not presently represent Officer Moriarty or Officer Alli.

This is the fourth request for an extension of time for the City and individual defendants to respond to the Complaint and third request for an order to compel Plaintiff to provide an executed Section 160.50 Release. The City, Officer Rodriguez, and Detective Candelario were unable to obtain Plaintiff's position on this request due to the reasons elaborated upon in this letter.

By way of brief background, Plaintiff initiated this action *pro se* on August 7, 2023, by filing the Complaint alleging various constitutional violations against the City and four NYPD defendants. (See Dkt. No. 1.)

As detailed in the City's previous requests for orders to compel Plaintiff to provide an executed Section 160.50 Release, the City has sent numerous releases to Plaintiff to no avail. (See Dkt. Nos. 18, 21.)

On January 8, 2024, the City respectfully requested that the Court order Plaintiff to provide the City with an executed Section 160.50 Release by January 17, 2024, so the City would be able to comply with its Rule 11 obligations, properly investigate this matter, and timely comply with the deadlines established by this Court. (See Dkt. No. 18.)

On January 8, 2024, the Court granted the City's request, and ordered Plaintiff "to provide the City of New York with an executed Section 160.50 Release by January 17, 2024." (See Dkt. No. 19.) The Court also noted that if Plaintiff failed to provide the City with an executed Section 160.50 Release by January 17, 2024, "Defendants may move for a further extension of their time to respond to the Complaint." (See id.)

On January 9, 2024, the City mailed a copy of the Court's January 8, 2024 Order to, upon information and belief, Plaintiff's address. (See Dkt. No. 20.)

After not receiving the executed Section 160.50 Release from Plaintiff, on January 18, 2024, the City also contacted individuals at DOC in an attempt to get in contact with Plaintiff.

On January 19, 2024, the City respectfully made another request for the Court to compel Plaintiff to provide an executed release, and for an extension of time to respond to the Complaint because it had yet to receive an executed release from Plaintiff. (See Dkt. No. 21.)

On January 22, 2024, the Court ordered Plaintiff to provide an executed release to the Office "by February 2, 2024," noting "the Court again cautions Plaintiff that he must participate in this litigation, or the case may be dismissed for failure to prosecute without further notice from the Court." (See Dkt. No. 22.)

On January 23, 2024, Plaintiff filed a change of address with the Court. (See Dkt. No. 24.) Thus, on January 26, 2024, the Office mailed Plaintiff another Section 160.50 Release for his execution at that address.

On January 30, 2024, Plaintiff filed another change of address with the Court. (See Dkt. No. 25.) Thus, on January 31, 2024, the Office sent Plaintiff a fifth Section 160.50 Release, as well as a copy of the Court's January 22, 2024 Order.

To date, the City and Defendants Rodriguez and Candelario have yet to receive an executed release from Plaintiff. Plaintiff has, again, failed to comply with the Court's orders and prosecute his case pursuant to the Federal Rules of Civil Procedure and Local Civil Rules.

On what is now five separate occasions, the City has sent Plaintiff a Section 160.50 Release for his execution and return. Defense counsel has sent these releases to Plaintiff at multiple different addresses, routinely checked on Plaintiff's whereabouts, and made extensive efforts to contact him via email, phone, and even reaching out to DOC. Nevertheless, the City and Defendants Rodriguez and Candelario have still not received an executed Section 160.50 Release from Plaintiff. Therefore, as detailed in previous extension requests, an extension of time is necessary because the City and defendants Rodriguez and Candelario require an executed Section 160.50 Release to obtain the relevant documents related to Plaintiff's underlying criminal proceeding. (See Dkt. Nos. 13, 16, 18, 21.) Therefore, without the release, the City and defendants Rodriguez and Candelario cannot fully investigate this matter, comply with its Rule 11 Obligations, or appropriately respond to the Complaint. (See id.)

Accordingly, for the reasons detailed above, the City and defendants Rodriguez and Candelario respectfully request: (a) that the Court order Plaintiff to provide the City with an executed Section 160.50 Release by a date certain on pain of dismissal, (b) that the Court grant a thirty day extension of time for the City and defendants Rodriguez and Candelario to respond to the Complaint from March 4, 2024, to April 3, 2024; and (c) that the Court *sua sponte* afford defendants NYPD Officers Lauren Moriarty and Imran Alli a corresponding extension of time, until April 3, 2024, to respond to the Complaint.

The City and defendants Rodriguez and Candelario thank the Court for its consideration.

Sincerely,

/s/ Nicolette Pellegrino
Nicolette Pellegrino
*Senior Counsel*
Special Federal Litigation Division

CC: **VIA FIRST-CLASS MAIL**
Amaury Urena
B&C No. 2412302807
16-00 Hazen Street
East Elmhurst, New York 11370
*Plaintiff Pro Se*

The request is **GRANTED**.  Plaintiff is ORDRERED to provide the City of New York with an executed Section 160.50 Release by **March 13, 2024.**  If Plaintiff fails to do so, his case will be dismissed for failure to prosecute without further notice.  The Court previously cautioned Plaintiff on this regard twice.  *See* ECF Nos. 19 and 22.  The deadline for all defendants to respond to the Complaint is adjourned to **April 3, 2024**.

The Clerk of Court is respectfully directed to mail a copy of this order to Plaintiff as his address of record.

Dated: February 20, 2024
        New York, New York

SO ORDERED.

Jennifer Rochon
**JENNIFER L. ROCHON**
**United States District Judge**

3