UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

AMAURY URENA,

                    Plaintiff,

          -against-                                    1:23-cv-06967 (JLR)

THE CITY OF NEW YORK, WILL                        **OPINION AND ORDER**
RODRIGUEZ, LAUREN MORTARTY, IMRAN
ALLI, and JUAN CANDELARIO,

                    Defendants.

---

JENNIFER L. ROCHON, United States District Judge:

On August 7, 2023, Amaury Urena ("Plaintiff" or "Urena"), proceeding *pro se*, sued the City of New York, Officer Will Rodriguez, Officer Lauren Mortarty, Officer Imran Alli, and Sergeant Juan Candelario ("Defendants"), alleging various civil rights violations related to Urena's arrest on November 17, 2021, and subsequent prosecution. Dkt. 1 ("Compl."). Defendants now move for summary judgment pursuant to Federal Rule of Civil Procedure ("Rule") 56. For the reasons that follow, the Court GRANTS the motion for summary judgment.

## BACKGROUND

Except where noted, the following facts are undisputed and drawn from Defendants' Statement of Undisputed Material Facts Pursuant to Local Civil Rule 56.1, Dkt. 57 ("Defs. SUF"), Plaintiff's Response to Defendants' Statement of Undisputed Facts, Dkt. 68 ("Pl. RSUF"), and Defendants' Response to Plaintiff's Counter Statement of Material Facts

Pursuant to Local Civil Rule 56.1, Dkt. 72 ("Defs. RSUF").[1]  The Court will also draw from

the Declaration of Zoe Reszytniak and attached exhibits, Dkt. 58 ("Reszytniak Decl."), and

the Declaration of Amaury Urena and attached exhibit, Dkt. 67 ("Urena Decl.").

## I.    Factual Background

On June 3, 2022, Urena commenced an action in the Southern District of New York

against New York City Department of Correction ("DOC") Captain Terrence Shaw, alleging

that his civil rights were violated in connection with his then-incarceration on Rikers Island.

Defs. RSUF ¶ 1 (citing *Urena v. Shaw* ("*Urena I*"), 22-cv-4769 (RA) (GS), Dkt. 1).  On

November 1, 2024, Urena settled *Urena I* and signed a Stipulation of Settlement and General

Release.  *Id.* ¶ 4; *see* Reszyntniak Decl. Ex. A ("Stipulation of Settlement"), Ex. B ("General

Release").

Under the General Release, Urena agreed that:

> in consideration of the payment of TEN THOUSAND ($10,000.00)
> DOLLARS to me by the City of New York, [I] do hereby release and
> discharge defendant Shaw; his successors or assigns; and all past and
> present officials, employees, representatives, and agents of the City of
> New York or any entity represented by the Office of the Corporation
> Counsel, collectively the "RELEASEES," from any and all liability,
> claims, or rights of action alleging a violation of my civil rights and any
> and all related state law claims, from the beginning of the world to the
> date of this General Release, including claims for costs, expenses, and
> attorneys' fees.

General Release at 1; Defs. RSUF ¶ 5.  In the Stipulation of Settlement, Urena also agreed, in

consideration for the payment of $10,000, to:

> release . . . all past and present officials, employees, representatives, and
> agents of the City of New York or any entity represented by the Office of the

---

[1] The Court will primarily cite to Defendants' Response to Plaintiff's Counter Statement of Material Facts Pursuant to Local Civil Rule 56.1, Dkt. 72, because it incorporates Plaintiff's responses to Defendants' Statement of Undisputed Material Facts Pursuant to Local Civil Rule 56.1, Dkt. 57, that are otherwise handwritten in Plaintiff's Response to Defendants' Statement of Undisputed Facts, Dkt. 68.

> Corporation Counsel, from any and all liability, claims, or rights of action alleging a violation of plaintiff's civil rights and any and all related state law claims, from the beginning of the world to the date of the General Release, including claims for costs, expenses, and attorneys' fees.

Stipulation of Settlement at 2; Defs. RSUF ¶ 6. While Urena purportedly disputes this fact, Pl. RSUF ¶ 6, he does not dispute that he signed the Stipulation of Settlement, nor that it contained this language. Rather, he points the Court to another provision of the Stipulation of Settlement that states: "This stipulation shall not be admissible in, nor is it related to, any other litigation or settlement negotiations, except to enforce the terms of this agreement." *Id.* (citing Stipulation of Settlement at 2 ¶ 4). Defendants do not dispute that the Stipulation of Settlement also contains this language. Defs. RSUF ¶ 6.

On February 13, 2025, the City gave Plaintiff a check for $10,000 dollars, pursuant to the settlement agreement in *Urena I*, and Plaintiff cashed the check on or about February 27, 2025. *Id.* ¶¶ 7-8.

With respect to the present dispute, on August 7, 2023, Plaintiff initiated this action alleging that his civil rights were violated in connection with his arrest by the individual Defendants on November 17, 2021, and resulting criminal prosecution. *Id.* ¶ 2. Those civil rights violations included claims for unlawful search and seizure, false arrest, malicious prosecution, and cruel and unusual punishment. Compl. at 7, 9. That criminal prosecution concluded on February 27, 2023. Defs. RSUF ¶ 3; *see generally* Reszyntniak Decl. Ex. C ("Certificate of Disposition").

## II.    Procedural History

Urena filed this lawsuit on August 7, 2023, alleging various civil rights claims against Defendants. *See generally* Compl. The parties proceeded through discovery, and on February 11, 2025, Magistrate Judge Parker granted Defendants permission to file a motion for

summary judgment limited to the issue of whether Plaintiff's release in the earlier action, *Urena I*, resolves this case. Dkt. 49. Defendants thereafter filed their motion for summary judgment on this issue on April 10, 2025. Dkt. 55 ("Mot."), Dkt. 59 ("Br."). On May 15, 2025, Plaintiff filed a Notice of Motion opposing Defendants' summary judgment motion, Dkt. 66 ("Notice"), and an accompanying declaration that included his legal arguments and memorandum of law. Dkt. 67 ("Opp."). Defendants filed their reply brief on May 30, 2025. Dkt. 71 ("Reply"). The motion is fully briefed.

## LEGAL STANDARD

Under Rule 56, a moving party is entitled to summary judgment if, on any claim or defense, the party "shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "A fact is 'material' only if it 'might affect the outcome of the suit under the governing law[,]' [and] [a] dispute is 'genuine' if 'the evidence is such that a reasonable jury could return a verdict for the nonmoving party.'" *Rosen v. UBS Fin. Servs. Inc.*, No. 22-cv-03880 (JLR), 2023 WL 6386919, at *4 (S.D.N.Y. Sept. 29, 2023) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)). "The moving party bears the initial burden of demonstrating the absence of a genuine issue of material fact." *JTRE Manhattan Ave. LLC v. Cap. One, N.A.*, No. 21-cv-05714 (JLR), 2024 WL 3227010, at *8 (S.D.N.Y. June 27, 2024).

"In ruling on a motion for summary judgment, the court must view all evidence in the light most favorable to the non-moving party, and resolve all ambiguities and draw all permissible factual inferences in favor of the party against whom summary judgment is sought." *Id.* (internal quotation marks omitted) (citation omitted). To defeat a motion for summary judgment, the nonmoving party must advance more than "a scintilla of evidence," *Liberty Lobby*, 477 U.S. at 252, and demonstrate more than "some metaphysical doubt as to

4

the material facts," *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986).

When, as here, a *pro se* litigant is involved, "the same standards for summary judgment apply," *Williams v. Savory*, 87 F. Supp. 3d 437, 451 (S.D.N.Y. 2015), but "[p]ro se litigants receive 'special solicitude' when 'confronted with motions for summary judgment,'" *Kravitz v. Purcell*, 87 F.4th 111, 119 (2d Cir. 2023) (quoting *Graham v. Lewinski*, 848 F.2d 342, 344 (2d Cir. 1988)). The Court "liberally construe[s] pleadings and briefs submitted by pro se litigants, reading such submissions to raise the strongest arguments they suggest." *Id.* (quoting *Publicola v. Lomenzo*, 54 F.4th 108, 111 (2d Cir. 2022)).

## DISCUSSION

The parties do not dispute the factual background of this case. Rather, the central issue here is whether the Stipulation of Settlement and General Release executed in connection with an earlier case brought by Plaintiff against a Department of Corrections Officer bar Plaintiff's present civil rights claims against the City and different officers. Defendants argue that the General Release is unambiguous and enforceable and serves to bar all of Plaintiff's civil rights claims in the present action. *See generally* Br.; Reply. The Court agrees.

"It is well established under New York law that a valid release, which is clear and unambiguous on its face and which is knowingly and voluntarily entered into will be enforced as a private agreement between parties." *Haymount Urgent Care PC v. GoFund Advance, LLC*, 609 F. Supp. 3d 237, 254-55 (S.D.N.Y. 2022) (quoting *Berman v. Parco*, 986 F. Supp. 195, 208 (S.D.N.Y. 1997)). Pursuant to the Stipulation of Settlement and General Release, Plaintiff released all civil rights claims against the City of New York and its officials and employees "from the beginning of the world to the date of this General Release." *See* General

Release at 1.  The incidents giving rise to the present civil rights claims occurred on November 17, 2021, when Plaintiff was arrested, and on February 23, 2023, when his criminal prosecution concluded — all before the Stipulation of Settlement and General Release were executed on November 1, 2024.  *See* Defs. RSUF ¶¶ 2-4.  The terms of the Stipulation of Settlement and General Release therefore govern the present action and bar Plaintiff's claims as a matter of law.

Plaintiff raises four arguments in support of his claim that the Stipulation of Settlement and General Release should not bar his claims here.  First, he argues that terms of the Stipulation of Settlement and General Release are ambiguous, citing to *Smith v. New York*, No. 12-cv-04851 (ERK) (LB), 2014 WL 6783194 (E.D.N.Y. Dec. 2, 2014).  Opp. at 5.  Second, he claims that the terms of the Stipulation of Settlement and General Release "contain fraud/trickery" which "void the release."  *Id.* at 6.  Third, he argues that the consideration for the release that he received was "arguably insignificant."  *Id.* at 7.  Fourth and finally, he states that he did not have counsel when he executed the release and that the district judge overseeing the prior case "simply rubberstamped the stipulation" without sufficient oversight. *Id.*

The Court finds all of these arguments unpersuasive for the same reasons that they were rejected in *Urena v. City of New York* ("*Urena II*"), No. 24-cv-01886 (JMF), 2025 WL 2390703 (S.D.N.Y. Aug. 18, 2025).  In *Urena II*, the court considered the same Stipulation of Settlement and General Release at issue here and whether Urena's Section 1983 claims against the City of New York and its employees based on events that allegedly occurred between March 17, 2021 and February 29, 2024, prior to the execution of that release on November 1, 2024, were foreclosed by the General Release.  *Id.* at *1.  Plaintiff raised the same four arguments there — even using the same quoted language — and the *Urena II* court

rejected each argument. *Id.* at *2-3. This Court agrees with the reasoned analysis of the *Urena II* court and adopts it in full here.

Notably, three additional courts in this District have similarly dismissed Section 1983 cases brought by Urena based on the General Release in *Urena I*, rejecting many of the same arguments raised here. *See Urena v. City of New York* ("*Urena III*"), No. 25-cv-00513 (JGK), 2025 WL 3154494, at *2 (S.D.N.Y. Nov. 11, 2025); *Urena v. City of New York* ("*Urena IV*"), No. 24-cv-01880 (JAV), 2025 WL 3201761, at *3-4 (S.D.N.Y. Nov. 17, 2025); *Urena v. City of New York* ("*Urena V*"), No. 25-cv-00512 (JPC) (GS), 2026 WL 588431, at *5-7 (S.D.N.Y. Jan. 6, 2026), *report and recommendation adopted*, 2026 WL 595863 (S.D.N.Y. Mar. 3, 2026). These cases further persuade the Court that the Stipulation of Settlement and General Release bar Plaintiff's claims here.

## CONCLUSION

For the foregoing reasons, Defendants' motion for summary judgment is GRANTED. The Clerk of Court is respectfully directed to enter judgment in favor of Defendants, to dismiss this case with prejudice, to terminate the open motions at Dkts. 55 and 66, and to close this case.

Dated: March 11, 2026
      New York, New York

SO ORDERED.

_____
JENNIFER L. ROCHON
United States District Judge

7